IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRELL LATTISAW, | * | |
| Plaintiff | | |
| | * | CIVIL ACTION NO. CCB-14-560 |
| V. | | |
| | * | |
| JEAN DANIEL BRUTUS, D.D.S, | | |
| MR. FISHER, | | |
| Defendants | * | |

******

MEMORANDUM

Pending is a Motion to Dismiss filed on behalf of defendant Jean Daniel Brutus, D.D.S.[1] ECF 13.  Plaintiff Darrell Lattisaw ("Lattisaw") has responded.  ECF 15.  Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be granted.

Background

On February 21, 2014, Lattisaw, who is incarcerated at the Eastern Correctional Institution ("ECI"), filed a self-represented complaint, which was later supplemented.  ECF Nos. 1, 3 & 4. He claims that while incarcerated at ECI he went to the dentist, Dr. Fisher, who broke part of his gum or jaw bone working on his teeth.  ECF 1, p. 1. Plaintiff indicates he has been unable to obtain his dental records regarding the work Dr. Fisher performed. *Id*., p. 2.  He states that Fisher was arrested and was thereafter not permitted to practice dentistry. *Id.*   In his initial filing, plaintiff  also stated that he does not want "Dentist Mr. Brutus to torture me anymore. Its been to

---

[1] The Clerk shall amend the docket to reflect the proper name of defendant Jean Daniel Brutus, D.D.S.

Defendant "Mr. Fisher" has not been served with the complaint.  For the reasons that follow, plaintiff's complaint against Fisher shall be dismissed.

much suffering, torture by these dentists." [sic] *Id*. Plaintiff claims that Dr. Brutus "used such force that he broke some of my top teeth." *Id*. p. 3.

In his Amended Complaint, plaintiff names Dr. Brutus as the sole defendant and refers to Dr. Brutus as "AKA Doctor Fisher." ECF 3, pp. 1 & 3. Plaintiff states that "torture is illegal and is been beyond suffering and pain." He states that when he went to have his bottom left tooth extracted "Dentist Mr. Brutus AKA Dr. Fisher" used such force that he loosed and broke some of my upper teeth." [sic] *Id*., p. 3. He seeks monetary compensation and to have his dental work completed by another provider. *Id*.

In his Supplemental Complaint (ECF 4), plaintiff indicates that from 2008-2010, ECI employed Dr. Fisher. Plaintiff reiterates his claim that Fisher was not licensed to practice dentistry. ECF 4, p. 1. He states he was tortured by Fisher and the prison was too embarrassed to provide plaintiff the record of his treatment by Fisher. *Id*. Additionally, plaintiff reiterates his claim that in 2013, Brutus called him to extract his bottom tooth and that while doing so he broke some of plaintiff's upper teeth. *Id*., p. 1. Plaintiff reiterates his demand for damages and outside dental treatment. *Id*.

Analysis

A. Res Judicata

Defendant Brutus correctly indicates that the claim raised by plaintiff against him was previously litigated in *Lattisaw v. D.O.C. Medical, et al.,* Civil Action No. CCB-13-2015 (D. Md.). This court granted judgment in favor of Brutus on July 22, 2014. *Id*. at ECF 27 and 28. Plaintiff did not appeal that judgment. Where there has been "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits," *res judicata* is established. *Pension Benefit*

*Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). The doctrine of *res judicata* precludes the assertion of a claim that was raised in a prior suit by the same parties on the same cause of action and decided by a judgment on the merits. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989)). Thus, as the instant complaint concerns claims raised in the prior case (and, to the extent they exist, claims that could have been raised), they are barred by the doctrine of *res judicata.*

    B.    Statute of Limitations

Plaintiff claims that Fisher injured him sometime between 2008 and 2010. ECF 4. Plaintiff filed the instant complaint on February 21, 2014. ECF 1. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure,* 488 U.S. 235, 249–50 (1989); *Wilson v. Garcia,* 471 U.S. 261, 279–80 (1985)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann. § 5-101.[2] As such, plaintiff's claim against Mr. Fisher[3] for conduct occurring in 2008-2010 is time barred and will be dismissed.

---

2 To the extent the plaintiff's claims are considered to be against a health care provider, they are also time-barred pursuant to Md. Cts & Jud. Proc. Code Ann. § 5-109.
3 If "Mr. Fisher" is in fact Dr. Brutus, the statute of limitations also serves to further bar plaintiff's claims against him.

Conclusion

For the reasons stated, defendant Brutus' dispositive motion shall be granted and plaintiff's complaint against Fisher shall be dismissed. A separate Order shall be entered in accordance with this Memorandum.


Date:    01/15/16                              /S/
                                        Catherine C. Blake
                                        United States District Judge